UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WILLIAM CARSON MERRILL,

                    Petitioner,

vs.                          Case No. 3:17-cv-1183-J-39JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.

_____

**<u>ORDER</u>**

### I.  INTRODUCTION

Through a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), Petitioner, William Carson Merrill, challenges his state court (Flagler County) conviction for manslaughter with a firearm.  He is represented by counsel.  Petitioner filed a Memorandum of Law in Support of Petition Filed Under 28 U.S.C. § 2254 (Doc. 2).  Respondents filed a Response to Petition (Response) (Doc. 5).[1]

_____

[1] The Court will hereinafter refer to the exhibits in the Appendix (Doc. 6) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the document will be referenced.

Petitioner, through counsel, filed a Reply to Response to Petition (Doc. 8).

The Petition is timely filed.  Response at 1-2.  Respondents assert grounds 2, 4, 5, and 6 are unexhausted claims for relief. Id. at 19-21.

## II.  EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).  A petitioner must make a specific factual proffer or proffer evidence that, if true, would provide entitlement to relief.  Jones, 834 F.3d at 1319 (citations omitted).  Conclusory allegations will not suffice.  Id.

In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief;[2] therefore,

---

2 The Court notes Petitioner received an evidentiary hearing on some grounds in the state court.

the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief. Thus, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III. PETITION

Petitioner raises seven grounds in the Petition: (1) the ineffective assistance of counsel for failure to inform Petitioner of all pertinent matters bearing on his choice of whether to enter an open plea to the trial court, resulting in an involuntary plea not entered knowingly or voluntarily, in violation of the Sixth and Fourteenth Amendments; (2) the ineffective assistance of counsel for failure to seek recusal of the trial judge, resulting in a violation of the Sixth and Fourteenth Amendments; (3) the ineffective assistance of counsel for failure to file a motion to suppress the Petitioner's cell phone and its contents, resulting in a violation of the Fourth, Sixth, and Fourteenth Amendments; (4) the ineffective assistance of counsel for failure to object to several instances of prosecutorial misconduct during the sentencing hearing, resulting in a violation of the Sixth and Fourteenth Amendments; (5) the ineffective assistance of counsel

3

for allowing Petitioner to enter into a plea when no factual basis existed, resulting in a violation of the Sixth and Fourteenth Amendments; (6) the ineffective assistance of counsel for failure to object to the reading of a statement of the victim's mother during sentencing, resulting in a violation of the Sixth and Fourteenth Amendments; and (7) the cumulative effect of trial counsel's errors rendered counsel's assistance ineffective and deprived Petitioner of a fair trial.

## IV.  STANDARD OF REVIEW

Petitioner seeks habeas relief, claiming to be detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3). In undertaking its review, this Court must recognize that its authority to award habeas corpus relief to state prisoners "is limited-by both statute and Supreme Court precedent." Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1330 (11th Cir. 2019). The relevant statute, the Antiterrorism and Effective Death Penalty Act (AEDPA), governs a state prisoner's federal petition for habeas corpus and limits a federal court's authority to award habeas relief. See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Applying the statute, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019), petition for cert. filed, (U.S. Dec. 9, 2019) (No. 19-6918). The Eleventh Circuit recently explained,

> A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams [v. Taylor, 529 U.S. 362 (2000)] at 413, 120 S. Ct. 1495. A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'" Virginia v. LeBlanc, --- U.S. ----, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017)(quoting Woods v. Donald, --- U.S. ---, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015)); see also Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L.Ed.2d 914 (2002) (explaining that "an

5

> unreasonable application is different from an
> incorrect one.").

Knight, 936 F.3d at 1330–31.

Thus, to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent, not dicta. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1351 (11th Cir. 2019), cert. denied, 140 S. Ct. 394 (2019). As noted in Richter, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

A district court is not obliged "to flyspeck the state court order or grade it." Meders, 911 F.3d at 1349. Moreover, even state court rulings for which no rationale or reasoning is provided are entitled to AEDPA deference, "absent a conspicuous misapplication of Supreme Court precedent." Id. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption

6

of correctness under 28 U.S.C. § 2254(e)(1).  But, this
presumption of correctness applies only to findings of fact, not
mixed determinations of law and fact.  <u>Brannan v. GDCP Warden</u>, 541
F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing
the distinction between a pure question of fact from a mixed
question of law and fact), <u>cert. denied</u>, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment
rejecting a federal claim followed by an unexplained order
upholding that judgement, federal habeas courts employ a "look
through" presumption: "the federal court should 'look through' the
unexplained decision to the last related state-court decision that
does provide a relevant rationale. It should then presume that the
unexplained decision adopted the same reasoning." <u>Wilson v.
Sellers</u>, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Supreme Court precedent also limits the federal court's
authority to award habeas relief.  Unless pierced by one of two
narrow exceptions: (1) new rules that are substantive rather than
procedural, and (2) watershed rules of criminal procedure
implicating the fundamental fairness and accuracy of the criminal
proceeding, the rule of nonretroactivity set forth in <u>Teague v.
Lane</u>, 489 U.S. 288, 300-301 (1989) (plurality opinion), providing
that the federal court cannot disturb a state court conviction
based on a constitutional rule announced after a conviction is

final, is applicable. <u>Knight</u>, 936 F.3d at 1331 (citing <u>Schiro v.</u> <u>Summerlin</u>, 542 U.S. 348, 352-53 (2004)) (quotations and citations omitted). The "threshold <u>Teague</u> analysis" must be conducted if properly raised by the state, and the state prisoner must clear both hurdles, deference mandated by AEDPA and the rule of nonretroactivity, to successfully obtain federal habeas relief. <u>Knight</u>, 936 F.3d at 1331 (citation omitted).

Thus, a state habeas petitioner is faced with two constraints, AEDPA's generally formidable barrier to habeas relief except in specified circumstances, and the general principle of nonretroactivity limiting the disturbance of a state conviction based on a constitutional rule announced after a conviction became final except in two narrow exceptions. Even if the petitioner satisfies the hurdle demanded by Supreme Court precedent, state-court judgments will not easily be set aside due to the applicability of the highly deferential AEDPA standard that is intentionally difficult to meet. <u>See</u> <u>Richter</u>, 562 U.S. at 102. Although AEDPA does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. <u>Id</u>. Application of the standard set forth in 28 U.S.C. § 2254(d) ensures that habeas corpus is a guard against extreme malfunctions

in the state criminal justice systems, and not a mechanism for
ordinary error correction.  <u>Richter</u>, 562 U.S. at 102-103 (citation
and quotation marks omitted).

## V.  EXHAUSTION

Although Respondents assert that grounds 2, 4, 5, and 6 are
unexhausted because Petitioner failed to argue the merits of these
grounds on appeal of the denial of the Rule 3.850 motion, the Court
concludes that is not the case.  In the Appellant's Initial Brief,
filed in the Fifth District Court of Appeal (5th DCA), Petitioner
addressed all grounds on the merits.  Ex. L.

Petitioner adequately exhausted these claims in the state
court system by presenting the claims in his post-conviction motion
and appealing the denial of post-conviction relief.  Ex. I; Ex.
J; Ex. K; Ex. L; Ex. M; Ex. N.  The 5th DCA affirmed per curiam.
Ex. O.  The mandate issued on May 31, 2017.  Ex. S.

The Court finds all grounds raised in the Petition are
exhausted and none of the claims are procedurally barred or
defaulted.  Therefore, the Court will address the seven grounds
raised in the Petition.

## VI.  GROUND ONE

In his first ground, Petitioner raises a claim of the
ineffective assistance of counsel for failure to inform Petitioner
of all pertinent matters bearing on his choice of whether to enter

an open plea to the trial court, resulting in an involuntary plea not entered knowingly or voluntarily, in violation of the Sixth and Fourteenth Amendments. Petition at 5-6. After recognizing the two-pronged standard of review set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and conducting an evidentiary hearing, the trial court rejected this claim finding Petitioner failed to show deficient performance or prejudice. Ex. I at 155-56, 159. After hearing the testimony presented at the evidentiary hearing, the trial court made its credibility determination, finding attorney Brett Kocijan's testimony to be credible and corroborated by exhibits. Id. at 157, 159.

With respect to one underlying issue, the court found both Petitioner's and Mr. Kocijan's testimony to be credible concerning what discovery should be provided to Petitioner; however, the court concluded there was "a misunderstanding as to what discovery Defendant requested to be provided." Id. at 158. As such, the court found no deficient performance on the part of counsel as he had provided Petitioner with the discovery he understood Petitioner had requested and discussed that discovery with Petitioner. Id. Additionally, the court found Petitioner had not proven prejudice. Id.

To prevail on a Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland, 466 U.S. at 688,

requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component).  Moreover, to obtain habeas relief, a counsel's errors must be so great that they adversely affect the defense. To satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The standard created by Strickland is a highly deferential standard, requiring a most deferential review of counsel's decisions.  Richter, 562 U.S. at 105.  Not only is there the "Strickland mandated one layer of deference to the decisions of trial counsel[,]" there is the added layer of deference required by AEDPA: the one to a state court's decision.  Nance, 922 F.3d at 1303.  Thus,

> Given the double deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011). And, for the reasons we have already discussed, it is rarer still for merit to be found in a claim

that challenges a strategic decision of
counsel.

Nance, 922 F.3d at 1303.

Furthermore, "[f]ederal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983)) cert. denied, 568 U.S. 849 (2012). Here, the trial court found defense counsel's testimony credible. Indeed, the trial court, based on the record and testimony of counsel, rejected Petitioner's claim that based on counsel's advice, he was led to believe he would receive a probationary sentence. Ex. I at 156.

For this Court's review of Petitioner's claims of ineffective assistance of counsel, it is significant that Petitioner had the benefit of experienced counsel: "[w]hen courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1364 (11th Cir. 2009) (quoting Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)), cert. denied, 562 U.S. 872 (2010). The Court has reviewed the evidentiary hearing testimony of both Petitioner and Mr. Kocijan and the remainder of the transcript. Ex. J; Ex. K. The trial

court, in rejecting Petitioner's claim of ineffectiveness, recognized Mr. Kocijan practiced as a criminal defense attorney for fifteen years. Ex. I at 157. The record clearly demonstrates Petitioner had the benefit of experienced defense counsel.

The court found Mr. Kocijan's testimony credible that Petitioner wanted to avoid a trial and obtain a plea, choosing not to put his family through a trial after the death of Petitioner's wife. Id. at 157. The court opined the correspondence between Petitioner and his counsel certainly reflected Petitioner's desire to pursue a plea agreement. Id.

Not only did the court not find deficient performance regarding counsel's alleged failure to provide Petitioner with the photographs from Petitioner's cell phone, the court found no prejudice because Petitioner testified that he knew of the existence of the incriminating photographs on his cell phone. Id. at 158. The court found incredible Petitioner's contention that he would have insisted on going to trial had he known the state was going to use the photographs from his phone. Id.

Finally, the court found credible Mr. Kocijan's testimony that he went over the elements of the charges with Petitioner as it was his standard practice to go over the elements and discovery. Id. Importantly, Mr. Kocijan testified this discussion took place on September 13, 2012. Id. at 158-59.

As the state court reasonably determined the facts and reasonably applied federal law to those facts in rejecting the claim of ineffective assistance of counsel, Petitioner is not entitled to habeas relief. The 5th DCA affirmed the trial court's decision. The state court's ruling is entitled to AEDPA deference as its decision is not inconsistent with Supreme Court precedent, and the adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law or based on an unreasonable determination of the facts. Petitioner is not entitled to relief on ground one, the claim of ineffective assistance of counsel.

Petitioner also claims a denial of due process of law under the Fourteenth Amendment. "Cases in [the United States Supreme Court] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." Spencer v. State of Tex., 385 U.S. 554, 563-64 (1967). The Fifth Amendment provides: "[no person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Fourteenth Amendment provides any state shall not deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. 14. The Fifth Amendment's due process protection applies to the states by virtue of the Fourteenth Amendment. U.S. Const. amends. 5, 14.

To the extent the Fourteenth Amendment claim was raised and addressed, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on this ground because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceedings. Therefore, the due process claim raised in ground one is due to be denied. The Court concludes AEDPA deference is due and Petitioner is not entitled to federal habeas relief. Alternatively, the record demonstrates Petitioner received fair process in the state court proceeding and is not entitled to habeas relief on his due process claim.

## VII. GROUND TWO

In his second ground, Petitioner raises a claim of the ineffective assistance of counsel for failure to seek recusal of the trial judge, resulting in a violation of the Sixth and Fourteenth Amendments. Petition at 7-8. Petitioner alleges, in this ground, that Judge Raul A. Zambrano was the judge assigned to the termination of parental rights (TPR) case against Petitioner that began prior to Petitioner being formally charged in the

criminal matter. Id. at 7. The petition in the TPR case alleged
Petitioner was guilty of manslaughter and/or murder of his wife
and should have his parental rights terminated. Id. While the
TPR case was pending, the criminal case charging Petitioner with
manslaughter with a firearm and possession of a firearm by a
convicted felon was assigned to Judge Zambrano. Id. at 8. Ex. A
at 7.

Petitioner claims he feared he would not receive a fair and
impartial criminal trial because Judge Zambrano had been exposed
to facts and information in the TPR case. Petition at 8.
Petitioner asserts that due to the judge's exposure to information
in the TPR case, defense counsel should have moved to disqualify
Judge Zambrano in the criminal case and the failure to so move
amounted to ineffective assistance of counsel. Id.

Petitioner has not alleged or shown that Judge Zambrano
obtained special knowledge or information in the TPR case, other
than the petition alleged Petitioner committed the crime of
manslaughter and/or murder in killing his wife and the petition
sought the termination of Petitioner's parental rights. Notably,
Petitioner was not charged with murder; instead, he was charged
with manslaughter. Of course, it may have been better if Judge
Zambrano had not been assigned to both the TPR case and the
criminal case, but without a showing of special knowledge obtained

in the TPR proceeding relating to the criminal charge that was not presented to the court in the criminal case, there is no error. Petitioner has not made a showing that Judge Zambrano obtained or heard confidential information in the TPR case prior to Petitioner's plea which would have colored his decision making in the criminal manslaughter case.

The trial court held counsel's performance was not deficient for failure to file a meritless motion. Ex. I at 74. The court found Petitioner failed to demonstrate an "*objectively reasonable fear of judicial bias.*" Id. Additionally, the court found Petitioner failed to show Judge Zambrano showed "*personal bias or prejudice*" against Petitioner through his sentencing decision. Id. Indeed, the mere fact Petitioner received a stiff sentence of 25 years in prison, well within the scoresheet range of 10.5 years to 30 years, does not demonstrate judicial bias.[3]

With respect to sentencing, the record demonstrates family members of the victim asked the court to give Petitioner the

---

[3] At the evidentiary hearing, Mr. Kocijan testified he never implied or suggested Petitioner had a good chance to receive probation. Ex. I at 114. Counsel knew, based on the sentencing judge, this would be an unlikely outcome. Id at 114-15. Mr. Kocijan reiterated, with Judge Zambrano and the allegations against Petitioner and the seriousness of the manslaughter charge, probation was not likely. Id. at 142-43. Petitioner may have hoped for probation, but it was not a realistic outcome based on the seriousness of the crime.

maximum sentence.  Ex. C at 55, 63.  Even the state asked that Petitioner **not be given less than 20 years in prison** to be followed by probation.  Id. at 65 (emphasis added).  After finding Petitioner's conduct "tantamount to nothing less than reckless behavior[,]" the court sentenced Petitioner to 25 years in prison, without setting a probationary sentence.  Id. at 78-79.  The court explained:

> When you were a convicted felon, you were not supposed to have a firearm, but you had quite an arsenal in your home.  But as if that wasn't enough, you violated probably one of the most basic tenets of firearm ownership; that is whether loaded or unloaded, a firearm, it's a dangerous thing.  And you pointed it at the person you claim to love the most, and then you pulled the trigger, and then you took her life.
>
> That conduct, however you want to describe it, whether it be an accident, mistake, or whatever it may be, carries a tremendous amount of ramifications.

Id. at 78.

Of import, the court specifically stated it found a factual basis for the plea based upon the documents contained within the criminal court file, including the complaint affidavit and arrest affidavit.  Ex. B at 11.  The court relied heavily on the following information contained in the court file:

> The defendant was interviewed at the Flagler County Sheriff's Office Criminal Investigations Division.  During the

> interview the defendant stated he obtained his
> rifle located in the bathroom closet and
> activated its laser, pointing it on the chest
> of his wife. The defendant further stated
> while the laser was activated he pulled the
> trigger resulting in the discharge of his
> firearm and the injury and death of his wife.
>
> It should also be noted the defendant admitted
> to owning several firearms located inside the
> residence, twenty firearms were later removed
> from the residence by crime scene technicians.
> A criminal history was obtained on the
> defendant which revealed a Felony conviction
> in 2007. The conviction was verified through
> Flagler County Clerk of Courts.

Ex. A at 2. The defense stipulated to the factual basis for the plea as contained in the court file. Ex. B at 8, 11.

Not only did the trial court reject Petitioner's post-conviction claim, the 5th DCA affirmed the trial court's decision. Ex. O. The 5th DCA's decision was not based upon an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. The decision affirming the trial court is entitled to deference.

As Petitioner's allegations in support of ground two fail to raise a credible claim of conflict of interest or improper bias on Judge Zambrano's part, defense counsel was not ineffective for failure to move to disqualify the judge. Petitioner failed to identify a specifically described prejudice or bias of Judge

Zambrano.  Thompson v. State, 990 So.2d 482, 489-90 (Fla. 2008).

In Florida,

> a motion to disqualify is governed
> substantively by Fla. Stat. § 38.10, and
> procedurally by Florida Rule of Judicial
> Administration 2.330. Lynch v. State, 2 So.3d
> 47, 78 (Fla.2008). Rule 2.330 provides that "a
> motion to disqualify shall show that 'the
> party fears that he or she will not receive a
> fair trial or hearing because of specifically
> described prejudice or bias of the judge'; or
> that the judge is either an interested party
> to the matter, related to an interested party,
> related to counsel, or 'is a material witness
> for or against one of the parties to the
> cause.'" Id. (quoting Fla. R. Jud. Admin.
> 2.330(d)).

Gonzalez v. Jones, No. 14-20645-CIV, 2015 WL 5144348, at *19 (S.D.

Fla. Jan. 22, 2015), report and recommendation adopted, No. 14-

20645-CIV, 2015 WL 5156566 (S.D. Fla. Sept. 2, 2015), aff'd sub

nom. Gonzalez v. Sec'y, Fla. Dep't of Corr., 689 F. App'x 917 (11th

Cir. 2017).

As found by the trial court in denying the post-conviction

motion, Petitioner did not allege facts that support a claim that

a reasonably prudent person would be placed in fear of not

receiving a fair and impartial trial.  He pointed to no statements

or actions by the trial judge demonstrating Judge Zambrano had "a

preconceived and fixed view" as to the sentence that would be given

if Petitioner were convicted or pled.  Thompson, 990 So.2d at 491.

Also, Petitioner pointed to no extrajudicial information that would have disqualified the judge from serving on the criminal case. See Wiley v. Wainwright, 793 F.2d 1190, 1193 (11th Cir. 1986) (per curiam) (recognizing generally, that judicial prejudice justifying disqualification "must stem from extrajudicial sources"). Even if Judge Zambrano was exposed to information in the TPR case alleging Petitioner committed the manslaughter and/or murder of his wife and was unfit to continue parenting his two children, Petitioner failed to demonstrate that an opinion formed by Judge Zambrano due to this TPR petition resulted in a "display [of] a deep-seated favoritism or antagonism that would make fair judgment impossible." Doorbal v. McNeil, No. 08-21566-CIV, 2008 WL 4194838, at *11 (S.D. Fla. Sept. 10, 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)), aff'd by 572 F.3d 1222 (11th Cir.2009), cert. denied, 558 U.S. 1030 (2009).

Petitioner also raises a Fourteenth Amendment claim in ground two. The Due Process Clause of the Fourteenth Amendment "requires a fair tribunal." McCabe v. McDonough, No. 8:04-CV-332-T-27EAJ, 2007 WL 1247147, at *3 (M.D. Fla. April 30, 2007). Although Petitioner makes a due process argument, apparently arguing Petitioner was deprived of fundamental fairness because his counsel failed to move for disqualification because the trial judge was given a petition in the TPR case that alleged Petitioner was

guilty of manslaughter and/or murder of his wife, Petitioner was not actually charged with murder. Even assuming Petitioner received adverse rulings in the TPR case prior to the filing of the criminal charges, "mere allegations of prior adverse rulings are legally insufficient to require disqualification." Id. at *4 (citations omitted).

Petitioner was charged with manslaughter, made an open plea to the court, stipulated to the factual basis for the plea based on the contents of the criminal file, and was sentenced by Judge Zambrano within the permissible range. Upon review, Petitioner fails to meet the actual prejudice requirement.

Since Petitioner did not adequately demonstrate a basis for disqualification of Judge Zambrano, the trial court rejected Petitioner's claim of ineffective assistance of counsel. Petitioner failed to show Judge Zambrano acquired inside information not revealed or presented in the criminal case, relied on such information in sentencing, and demonstrated bias or prejudice against Petitioner. As such, the Court concludes Petitioner was not deprived of due process of law. The Court is convinced Petitioner is not entitled to habeas relief on ground two.

Finally, the Fifth DCA's affirmance of the denial of post-conviction relief is entitled to AEDPA deference. The decision

is not contrary to, nor an unreasonable application of controlling Supreme Court precedent. Therefore, Petitioner is not entitled to habeas relief on either the Sixth or Fourteenth Amendment claims.

## VIII. GROUND THREE

In ground three, Petitioner raises a claim of ineffective assistance of counsel for failure to file a motion to suppress the cell phone and the evidence discovered on Petitioner's cell phone, including photographs, resulting in a violation of the Fourth, Sixth, and Fourteenth Amendments. Petition at 9-10. Petitioner exhausted this claim by raising it in his post-conviction motion. After conducting an evidentiary hearing, the trial court, in a detailed order, denied relief on this ground. Ex. I at 159-62. As previously noted, the trial court applied the Strickland standard in addressing Petitioner's contention that he was deprived of his Sixth Amendment right to reasonable assistance under prevailing professional standards. Ex. I at 155-56.

The trial court, in addressing the claim after the benefit of an evidentiary hearing, said Petitioner alleges his phone was taken without his consent, "despite his written consent to a search of his home for any evidence that has a bearing on the investigation." Id. at 159. Based on the record, Petitioner's claim is without merit. Petitioner signed a consent to search for the homicide

investigation. Ex. I at 28. Indeed, Petitioner gave consent and permission to the search of his residence, the curtilage, the outbuildings, and the vehicles. Id.

At the evidentiary hearing, Detective Mark Moy testified Petitioner consented to the search, granting the officers permission to search the residence and the vehicles on the property for any potential evidence. Ex. J at 31-33. He further testified cell phones are often a good place to look for evidence. Id. at 37.

The trial court, in denying Petitioner's claim, noted that the consent form did not describe any particular items to be searched and/or seized. Ex. I at 160. The court recognized other officers testified that cell phones may contain evidence of motive and prior conflicts. Id. The court credited the testimony of Detectives Conrad and Moy and Commander Sepe that Petitioner gave consent to search his home for any and all evidence related to the homicide investigation, which necessarily included the consent to search Petitioner's cell phone found in the home. Id. at 161. This Court will not revisit the state court's credibility determination as this Court has no license to redetermine credibility of witnesses observed by the trial court.

Although Petitioner testified he requested Mr. Kocijan file a motion to suppress, the court found more credible Mr. Kocijan's

testimony that Petitioner did not ask counsel to file a motion to suppress the cell phone or photographs contained in the cell phone. Id. at 162. Again, this Court will not revisit the credibility determination as that is not within its purview. Significantly, the court found a motion to suppress would have been denied, "because law enforcement did not exceed the scope of Defendant's consent." Id.

In addressing the claim of ineffective assistance of counsel, the trial court found counsel's performance well within the broad range of reasonable assistance under prevailing professional norms. Id. Finding neither deficient performance nor prejudice, the trial court denied relief. Id. The 5th DCA affirmed. Ex. O.

The Court is not convinced defense counsel's performance fell below an objective standard of reasonableness. The standard is reasonable performance, not perfection. Brewster, 913 F.3d at 1056 (citation omitted). In addition, Petitioner has failed to show resulting prejudice, the second prong of the Strickland standard. There is no reasonable probability that if Mr. Kocijan had filed a motion to suppress, Petitioner would not have pled no contest and would have insisted on going to trial.

In ground three, Petitioner also raises a Fourteenth Amendment claim. As previously noted, the Due Process Clause of

the Fourteenth Amendment requires a fair tribunal.  Although Petitioner makes a due process argument, apparently arguing Petitioner was deprived of fundamental fairness because his counsel failed to move to suppress the cell phone and its contents, as this would have been a meritless motion based on Petitioner's written consent to search and the fact the officers did not exceed the scope of consent, Petitioner was not deprived of due process of law by counsel's failure to pursue such a remedy.

The Court concludes AEDPA deference is warranted.  The record shows the 5th DCA affirmed the decision of the trial court, and the Court presumes that the appellate court adjudicated the claim on its merits, as there is an absence of any indication of state-law procedural principles to the contrary.  Since the last adjudication is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.  He has failed in this endeavor.  Thus, the Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts.  As such, ground three is due to be denied.

Finally, Petitioner raises a Fourth Amendment claim.  If Petitioner had a full and fair opportunity to litigate the Fourth Amendment issue in the state courts but did not avail himself of

that opportunity, the claim is not cognizable in this habeas proceeding. Petitioner decided to enter into negotiation with the state and enter an advantageous plea agreement of no contest to manslaughter with a firearm.[4] Ex. B at 3. As part of the plea agreement, the state agreed to dismiss the felon in possession of a firearm count and not add other charges of possession of firearm counts. Id. at 4-5. The defense could have filed a motion to suppress in the state circuit court, but Petitioner elected to enter into this plea agreement and make an open plea to the court on just the manslaughter charge. Consequently, he gave up the right to challenge any matters relating to judgment. Indeed,

> Quite apart from Stone v. Powell, 1969, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, which held that Fourth Amendment claims may not be litigated in a federal habeas corpus petition if they could have been fully and fairly presented at the state level, See Caver v. Alabama, 5 Cir., 1978, 577 F.2d 1188; O'Berry v. Wainwright, 5 Cir., 546 F.2d 1204, cert. denied, 1977, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096; a voluntary plea of nolo contendere waives all non jurisdictional defects. See Richardson v. Beto, 5 Cir., 472 F.2d 169, cert. denied, 1973, 412 U.S. 908, 93 S.Ct. 2302, 36 L.Ed.2d 974; Williamson v. Alabama, 5 Cir., 1971, 441 F.2d 549; Stephen v. Smith, 5 Cir., 1971, 438 F.2d 979.

---

[4] Manslaughter with a firearm does not carry a minimum mandatory sentence. Ex. B at 5.

Williams v. Wainwright, 604 F.2d 404, 406B07 (5th Cir. 1979) (per curiam).

Petitioner's plea was knowingly and voluntarily entered. Ex. B at 11. Thus, Petitioner's voluntary no contest plea waived all non-jurisdictional defects. Therefore, Petitioner is not entitled to habeas relief on his Fourth Amendment claim.

## IX.  GROUND FOUR

In ground four of the Petition, Petitioner claims his counsel failed to meet Sixth Amendment standards by failing to object to prosecutorial misconduct during sentencing, which resulted in a violation of both the Sixth and Fourteenth Amendments. Petition at 11-12. This claim was presented in a post-conviction motion and summarily denied. Ex. I at 74-76. The court set forth the Strickland standard before addressing this claim. Id. at 71-72. The court concluded that Petitioner failed to satisfy the prejudice prong of Strickland. Ex. I at 76.

In rejecting this post-conviction claim, the trial court explained: "[t]he Court finds no prejudice because Defendant alleges only one instance during the State's argument where it may have exaggerated the evidence by stating that the gun in the photograph was the one that was used to kill the victim." Id. Also, the court found this one exaggeration was not relied upon by the court in sentencing. Id. Instead, the court found the

sentence was based on Petitioner's recklessness as described in the charging affidavit. Id. See Ex. C at 78 ("[Y]ou violated probably one of the most basic tenets of firearm ownership; that is whether loaded or unloaded, a firearm, it's a dangerous thing. And you pointed it at the person you claim to love the most, and then you pulled the trigger, and then you took her life."). See also Ex. A at 1-2.

Without satisfying the prejudice component, Petitioner cannot prevail on his claim of ineffective assistance of counsel. The 5th DCA affirmed without an opinion and explanation. Ex. O. This decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

Thus, the Florida court's decision is not inconsistent with Supreme Court precedent, including Strickland, and the state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts. Ground four is due to be denied.

To the extent a Fourteenth Amendment claim was raised and addressed, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme

Court.  Petitioner is not entitled to relief on this ground because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceedings.  Therefore, Petitioner's Fourteenth Amendment claim of a deprivation of due process of law will be denied as AEDPA deference is due.  Alternatively, the record demonstrates Petitioner was not deprived of due process in the state court proceeding; therefore, Petitioner is not entitled to habeas relief.

## X.  GROUND FIVE

In ground five, Petitioner raises a claim of the ineffective assistance of counsel for allowing Petitioner to enter a plea of no contest when no factual basis existed supporting the plea, resulting in a violation of the Sixth and Fourteenth Amendments.  Petition at 13.  Petitioner raised this issue in his Rule 3.850 motion and the trial court summarily denied relief.  Ex. I at 76-77.

This claim has no merit as it is refuted by the record.  The record shows the defense stipulated to the factual basis for the plea as contained in the court file.  Ex. B at 8, 11.  The court accepted this stipulation and found a factual basis based on the

documents in the court file, including the complaint affidavit and arrest affidavit.  Id. at 11.

Attached to the order denying post-conviction relief is the charging affidavit, Exhibit I.  Ex. I at 142-45.  It, along with other record evidence, contains the facts supporting the finding of a factual basis for the plea.  Id. at 144.

The 5th DCA affirmed the decision of the trial court.  Ex. O.  The 5th DCA's affirmance is an adjudication on the merits and is entitled to deference under 28 U.S.C. § 2254(d).  Applying Wilson's look-through presumption, the rejection of the claim of ineffective assistance of counsel for allowing Petitioner to plead to the charge was based on a reasonable determination of the facts and a reasonable application of Strickland.  Finally, the decision is not inconsistent with Supreme Court precedent nor is it contrary to Strickland.

In conclusion, Petitioner has failed to satisfy the Strickland requirements and he is not entitled to habeas relief on ground five.  Therefore, ground five is due to be denied.

To the extent a Fourteenth Amendment due process claim was raised and addressed, AEDPA deference is due and Petitioner is not entitled to habeas relief on this ground because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established

federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceeding. Alternatively, the record demonstrates Petitioner received fair process in the state court proceeding and is not entitled to habeas relief.

## XI.  GROUND SIX

In ground six, Petitioner raises another claim of ineffective assistance of counsel, claiming his counsel was ineffective for failure to object to a state's witness reading a statement from the victim's mother during sentencing, resulting in a violation of the Sixth and Fourteenth Amendments.  Petition at 15.  Petitioner claims his counsel's failure to object to the reading of this unsworn statement constituted deficient performance.  Id.  Petitioner raised the issue in his post-conviction motion and the trial court summarily denied this ground finding no prejudice for several reasons.  Ex. I at 77-78.  First, the court concluded that even if the statement had been sworn, the statement would have been the same.  Id. at 77.  Second, the court concluded it did not rely on the statement in its sentencing as exhibited by the court's rejection of the mother's request to sentence Petitioner to the maximum possible sentence.  Id. at 77-78.  Third, the court found any mention of Petitioner's prior record was cumulative as the court was already cognizant of

Petitioner's status as a felon due to the information and scoresheet. Id. at 78. Fourth, Petitioner admitted gun possession.[5] Ex. C at 75. Of note, Petitioner admitted to actions constituting the factual basis for the plea. Ex. A at 2. The trial court considered Petitioner's prior criminal record in sentencing as well as his admissions, all matters supported by the record. Ex. I at 78.

Since the evidence (Petitioner's prior record, his status as a convicted felon, and his admission of gun possession and other matters) was relevant for the sentencing judge to consider, the court found Petitioner failed to show prejudice. See Response at 39. Failing to establish prejudice, Petitioner could not prevail on his ineffective assistance of counsel claim.

The 5th DCA affirmed the trial court's decision that defense counsel did not act outside the broad range of reasonable assistance under prevailing professional standards by not making an objection to the admission and in-court reading of a statement by the victim's mother. Ex. O. It is assumed the 5th DCA adopted the reasoning of the trial court in denying the motion as there has not been an adequate rebuttal of this presumption. Therefore,

---

[5] Again, the charging affidavit states Petitioner obtained his rifle. Ex. I at 144. If further states Petitioner admitted to owning several firearms located inside the residence and his criminal history shows he had a felony conviction in 2007. Id.

deference under AEDPA should be given to the last adjudication on the merits provided by the 5th DCA.

The Florida court's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny. Moreover, the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts. Thus, ground six is due to be denied.

To the extent the state court adjudicated a Fourteenth Amendment claim, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law as determined by the United States Supreme Court, the state court's decision was not contrary to clearly established federal law, and it was based on a reasonable determination of the facts based on the evidence presented in the state court proceedings. Petitioner is not entitled to habeas relief on the Fourteenth Amendment claim as the state court's decision is entitled to AEDPA deference. Alternatively, the record demonstrates Petitioner received all the process to which he was entitled, and he received all the elements of fundamental fairness in the criminal proceeding. Petitioner is not entitled to habeas relief on ground six.

## XII.  GROUND SEVEN

Petitioner in his seventh ground claims he was deprived of his right to effective assistance of counsel when counsel's errors, taken together, were so egregious that Petitioner was not provided with a fair trial in violation of the Sixth and Fourteenth Amendments.  In short, he claims cumulative errors of counsel resulted in the deprivation of a fair and impartial trial. Petitioner raised this claim in his post-conviction motion, and after conducting an evidentiary hearing, the trial court denied relief on this claim and the 5th DCA summarily affirmed.

After a thorough review of the record and the pleadings, Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to habeas relief.  See Spears v. Mullin, 343 F.3d 1215, 1251 (10th Cir. 2003) (when the sum of various zeroes remains zero, the claim of prejudicial effect of cumulative errors is nil and does not support habeas relief), cert. denied, 541 U.S. 909 (2004).  As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective.  Moreover, the Court finds Petitioner has not shown

specific errors which undermine the conviction in their cumulative effect; therefore, he has failed to demonstrate prejudice.

Not only is Petitioner not entitled to relief on his Sixth Amendment claim, he is also not entitled to habeas relief on his Fourteenth Amendment claim that he was deprived of the right to a fair trial. In considering a claim of cumulative error under the cumulative error doctrine, the district court considers whether:

> "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted). We address claims of cumulative error by first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. See United States v. Calderon, 127 F.3d 1314, 1333 (11th Cir. 1997).

Morris v. Sec'y, Dept. of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012).

Through his Petition, Petitioner has not shown he was deprived of due process of law:

> [he] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and

36

others were meritless, petitioner "has
presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied,

531 U.S. 849 (2000).

Even considering the inadequate individual claims
cumulatively, Petitioner's assertions do not render the claim of
ineffective assistance of counsel sufficient. Robertson v. Chase,
No. 1:07-CV-0797 RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12,
2011) (citations omitted), report and recommendation adopted by
2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), aff'd by 506 F. App'x
951 (11th Cir. 2013), cert. denied, 571 U.S. 842 (2013). Thus,
Petitioner is not entitled to habeas relief on his Sixth Amendment
claim. Moreover, Petitioner was not deprived of a fundamentally
fair proceeding; therefore, he is not entitled to habeas relief on
the Fourteenth Amendment claim.

After considering the grounds raised in the Petition, this
Court finds the state court decision passes AEDPA muster as
singularly or cumulatively, the proposed deficient conduct does
not meet the Strickland standard and the records shows Petitioner
was not deprived of a fair proceeding. Therefore, Petitioner is
not entitled to habeas relief on his seventh ground.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

37

1.     The  Petition  for  Writ  of  Habeas  Corpus  (Doc.  1)  is **DENIED**.

2.     This  action  is  **DISMISSED WITH PREJUDICE.**

3.     The  **Clerk**  shall  enter  judgment  accordingly  and  close this case.

4.     If  Petitioner  appeals  the  denial  of  his  Petition  for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[6]   Because  this  Court  has  determined  that  a certificate  of  appealability  is  not  warranted,  the  **Clerk**  shall terminate from the pending motions report any motion to proceed on appeal  as  a  pauper  that  may  be  filed  in  this  case.    Such termination shall serve as a denial of the motion.

---

[6] This Court should issue a certificate of appealability only if a petitioner  makes  "a  substantial  showing  of  the  denial  of  a constitutional  right."    28  U.S.C.  §  2253(c)(2).    To  make  this substantial showing, Petitioner "must demonstrate that reasonable jurists  would  find  the  district  court's  assessment  of  the constitutional  claims  debatable  or  wrong,"  Tennard v. Dretke,  542 U.S.  274,  282  (2004)  (quoting  Slack v. McDaniel,  529 U.S.  473,  484 (2000)),  or  that  "the  issues  presented  were  'adequate  to  deserve encouragement  to  proceed  further,'"  Miller-El v. Cockrell,  537 U.S.  322,  335-36  (2003)  (quoting  Barefoot v. Estelle,  463  U.S. 880,  893  n.4  (1983)).    Upon  due  consideration,  this  Court  will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January, 2020.


BRIAN J. DAVIS
United States District Judge

sa 1/15
c:
Counsel of Record